UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RAMON DANIEL CARDOZA; MARIO MATUTE; ALEXER
"YOBANY"ARGUETA; SIONI SEVILLA; MARIO
ROSALES; AND DONNI SEVILLA,

Case No.

Plaintiffs,

- against -

COMPLAINT

MANGO KING FARMERS MARKET CORP., CHO'S
CHURCH AVE FRUIT MARKET INC., and CHEE HUN
CHO, or any other entities affiliated with or controlled by
MANGO KING FARMERS MARKET CORP., CHO'S
CHURCH AVE FRUIT MARKET INC., and/or CHEE HUN
CHO,

Defendants.

Plaintiffs, by their attorneys, Virginia & Ambinder, LLP, allege upon knowledge to themselves and upon information and belief as to all other matters as follows:

## PRELIMINARY STATEMENT

This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 206, 207 and 216(b); New York Labor Law §§ 650 *et seq* and 663; New York Labor Law § 190 *et seq*.; 12 New York Codes, Rules and Regulations (hereinafter referred to as "NYCRR") § 137-1.2; 12 NYCRR § 137-1.3, and 12 NYCRR § 137-1.7; to recover unpaid minimum wages, overtime wages, and spread of hours compensation owed to Plaintiffs who are presently or were formerly employed by MANGO KING FARMERS MARKET CORP, d/b/a CHO'S CHURCH AVENUE FRUIT MARKET INC., and/or CHEE HUN CHO, and/or any other entities affiliated with or controlled by MANGO KING FARMERS MARKET CORP, d/b/a CHO'S CHURCH AVENUE FRUIT MARKET INC., and/or CHEE HUN CHO, (hereinafter collectively as "Defendants").

2.      Defendants are engaged in the food and other products supply industry, and operate two supermarkets in Brooklyn.

3.      Beginning in approximately 2008 and, upon information and belief, continuing through the present, Defendants have engaged in a policy and practice of failing to pay their employees minimum wages as required by applicable federal and state law.

4.      Beginning in 2008 and, upon information and belief, continuing through the present, Defendants have engaged in a policy and practice of requiring their employees to regularly work in excess of forty (40) hours per week, without providing overtime compensation as required by the applicable federal and state law.

5.      Beginning in 2008 and, upon information and belief, continuing through the present, Defendants have engaged in a policy and practice of requiring their employees to regularly work in excess of ten (10) hours per day, without providing spread of hours compensation as required by the applicable state law.

6.      Under the direction of MANGO KING FARMERS MARKET CORP, CHO'S CHURCH AVENUE FRUIT MARKET INC. and corporate officer and/or director CHEE HUN CHO, Defendants instituted the practice of depriving its employees of minimum wages, overtime compensation, and spread of hours compensation as mandated by federal and state law.

7.      Plaintiffs have initiated this action seeking all compensation that they were deprived of, plus interest, damages, attorneys' fees and costs.

## JURISDICTION

8.      Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under New York Labor Law.

9.      The statute of limitations under FLSA, 29 U.S.C. § 255(a), for willful violations is three (3) years.

10.    The statute of limitations under New York Labor Law § 198(3) is six (6) years.

## VENUE

11.     Venue for this action in the Eastern District of New York under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Eastern District of New York.

## THE PARTIES

12.     Plaintiff RAMON DANIEL CARDOZA is an individual who is currently a resident of New York and was employed by Defendants as an inventory clerk from approximately June 2011 until January 2014.

13.     Plaintiff MARIO MATUTE is an individual who is currently a resident of New York and was employed by Defendants as an inventory clerk from approximately January 2012 until January 2013.

14.     Plaintiff ALEXER "YOBANY" ARGUETA is an individual who is currently a resident of New York and was employed by Defendants as an inventory clerk from approximately June 2012 until January 2014.

15.     Plaintiff DONNI SEVILLA is an individual who is currently a resident of New York and was employed by Defendants as an inventory clerk from approximately April 2011 until March 2014.

16.     Plaintiff MARIO ROSALES is an individual who is currently a resident of New York and was employed by the Defendants as an inventory clerk from approximately May 2008 until January 2013.

17.      Plaintiff SIONIN SEVILLA is an individual who is currently a resident of New York and was employed by the Defendants as an inventory clerk from approximately July 2013 until January 2014.

18.     Upon information and belief, Defendant MANGO KING FARMERS MARKET CORP, is a domestic business corporation organized and existing under the laws of New York and authorized to do business in New York, with a principal place of business located at 1124 Flatbush Avenue, Brooklyn, New York, 11226.

19.     Upon information and belief, Defendant CHO'S CHURCH AVENUE FRUIT MARKET INC. is a domestic business corporation organized and existing under the laws of

3

New York and authorized to do business in New York, with a principal place of business located at 4724 Church Ave. Brooklyn, New York, 11203.

20.     Upon information and belief, Defendant CHEE HUN CHO is a resident of the State of New York at 4724 Church Ave. Brooklyn, New York, 11203, and at all relevant times were an officer, director, and/or owner of MANGO KING FARMERS MARKET CORP. and CHO'S CHURCH AVENUE FRUIT MARKET INC.

## FACTS

21.     Beginning in or about 2008 until the present, Defendants employed the Plaintiffs to perform work such as receiving deliveries, stocking shelves, organizing, cutting and packing produce, inventory and other supermarket related tasks.

22.     Plaintiffs constitute "employees" as that term is defined under 29 U.S.C. § 203(e), New York Labor Law § 651, and case law interpreting the same.

23.     The payments made to Plaintiffs by Defendants, constitute "wages" as that term is defined under New York Labor Law § 651.

24.      While working for Defendants, Plaintiffs were regularly required to perform work for Defendants, without receiving proper minimum wages, overtime compensation, and spread of hours compensation as required by applicable federal and state law.

25.     Plaintiff Ramon Daniel Cardoza was employed by the Defendants as an inventory clerk from approximately June 2011 until January of 2014.  Plaintiff Ramon Cardoza typically worked six (6) days per week, averaging 65 to 66 hours per week.  Plaintiff Ramon Cardoza was paid, in cash, $500.00 per week throughout the course of his employment, and did not receive overtime compensation for the hours worked in excess of 40 each week.

26.     Plaintiff Mario Matute was employed by the Defendants as an inventory clerk from approximately January 15 2012 until January of 2013.  Plaintiff Mario Matute typically worked six (6) days per week, averaging 66 hours per week.  Plaintiff Mario Matute was paid, in cash, $500.00 per hour rate throughout the course of his employment, and did not receive overtime compensation for the hours worked in excess of 40 each week.

27.    Plaintiff Alexer "Yobany" Argueta was employed by the Defendants as an inventory clerk from approximately the second week of June 2012 until January 2014.  Plaintiff Alexer "Yobany" Argueta typically worked six (6) days per week, averaging 52hours per week.  Plaintiff Alexer "Yobany" Argueta was paid, in cash, a flat rate of $475.00 per week, and three weeks before his last day, he start receiving $524.00, per week regardless of the amount of hours worked per week.  Plaintiff Alexer "Yobany" Argueta did not receive overtime compensation for the hours worked in excess of 40 each week.

28.    Plaintiff Donni Sevilla was employed by the Defendants as an inventory clerk from approximately April 11 2011 until March 2014. Plaintiff Donni Sevilla typically worked six (6) days per week, averaging 69 hours per week.  Plaintiff Donni Sevilla was paid, in cash from $588.00 to $649 per week rate throughout the course of his employment, and did not receive overtime compensation for the hours worked in excess of 40 each week.

29.    Plaintiff Mario Rosales was employed by the Defendants as an inventory clerk from approximately two different periods, the first one May 2008 until January 2013.  He typically worked six (6) days per week, averaging 69 hours per week.  Plaintiff Mario Rosales was paid, in cash, $400.00 to $480.00 per hour rate throughout the course of his employment, and did not receive overtime compensation for the hours worked in excess of 40 each week.

30.    Plaintiff Sionin Sevilla was employed by the Defendants as an inventory clerk from approximately July 2013 until January 2014. Plaintiff Sionin typically worked six (6) days per week, averaging 68 hours per week.  Plaintiff Sionin Sevilla was paid, in cash from $450.00 to $584.00 per week rate throughout the course of his employment, and did not receive overtime compensation    for    the    hours    worked    in    excess    of    40    each    week.

31.    Upon information and belief, CHEE HUN CHO was the president and/or owner of MANGO KING FARMERS MARKET CORP. and CHO'S CHURCH AVENUE FRUIT MARKET INC., and (1) had the power to hire and fire employees for those entities, (2) supervised and controlled employee work schedules or conditions of employment for those entities, (3) determined the rate and method of payment for employees at those entities, and (4) maintained employment records for those entities.

32.    Upon information and belief, CHEE HUN CHO, as the principal and owner of MANGO KING FARMERS MARKET CORP. and CHO'S CHURCH AVENUE FRUIT

MARKET INC., dominated the day-to-day operating decisions of those entities, and made major personnel decisions for those entities.

33.    Upon information and belief, CHEE HUN CHO had complete control of the alleged activities of MANGO KING FARMERS MARKET CORP. and CHO'S CHURCH AVENUE FRUIT MARKET INC., which gives rise to the claims brought herein.

34.    Upon information and belief, Defendants' annual gross volume of sales made or business done is not less than $500,000.

35.    Upon information and belief, Defendants engage in interstate commerce, produce goods for interstate commerce, and/or handle, sell, or otherwise work on goods or materials that have been moved in or produced for such commerce by any person.

### FIRST CAUSE OF ACTION:
### FLSA MINIMUM WAGE COMPENSATION

36.    Plaintiffs repeat and re-allege the allegations set forth in paragraph 1 through 35 hereof.

37.    Pursuant to 29 U.S.C. § 206, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: (1) except as otherwise provided in this section, not less than -- (A) $5.85 an hour, beginning on the 60th day after May 25, 2007; (B) $6.55 an hour, beginning 12 months after that 60th day; and (C) $7.25 an hour, beginning 24 months after that 60th day [July 24, 2009]."

38.    MANGO KING FARMERS MARKET CORP. is an employer, within the meaning contemplated, pursuant to 29 U.S.C. § 203(d).

39.    CHO'S CHURCH AVENUE FRUIT MARKET INC. is an employer, within the meaning contemplated, pursuant to 29 U.S.C. § 203(d).

40.    CHEE HUN CHO is an employer, within the meaning contemplated, pursuant to 29 U.S.C. § 203(d).

41.    Plaintiffs are employees, within the meaning contemplated, pursuant to 29 U.S.C. § 203(e).

42.     Plaintiffs, during all relevant times, engaged in commerce or in the production of goods for commerce, or were employed in an enterprise engaged in commerce or in the production of goods for commerce.

43.     None of the exemptions of 29 U.S.C. § 213 applies to Plaintiffs.

44.     Defendants violated the FLSA by failing to pay Plaintiffs minimum wages for all hours worked in any given week.

45.     Upon information and belief, the failure of Defendants to pay Plaintiffs their rightfully-owed wages was willful.

46.     By the foregoing reasons, Defendants are liable to Plaintiffs in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest and attorneys' fees and costs.

**SECOND CAUSE OF ACTION:**
**FLSA OVERTIME WAGE COMPENSATION**

47.     Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 47 hereof.

48.     Pursuant to 29 U.S.C. § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty [40] hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

49.     Upon information and belief, Defendants violated the FLSA by failing to pay Plaintiffs earned overtime wages, at the rate of one and one half times the regular rate of pay, for all time in which they worked in excess of forty (40) hours in any given week.

50.     Upon information and belief, the failure of the Defendants to pay Plaintiffs their rightfully-owed overtime compensation was willful.

51.     By the foregoing reasons, Defendants are liable to Plaintiffs in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

### THIRD CAUSE OF ACTION:
### <u>NEW YORK MINIMUM WAGE COMPENSATION</u>

52.     Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 51 hereof.

53.     Pursuant to New York Labor Law § 652, and the supporting New York State Department of Labor Regulations, "every employer shall pay to each of its employees for each hour worked a wage of not less than . . .  $7.15 on and after January 1, 2007, or, if greater, such other wage as may be established by federal law pursuant to 29 U.S.C. section 206 or its successors, or such other wage as may be established in accordance with the provisions of this article."

54.     MANGO KING FARMERS MARKET CORP., is an employer, within the meaning contemplated, pursuant to New York Labor Law § 651(6) and the supporting New York State Department of Labor Regulations.

55.     CHO'S CHURCH AVENUE FRUIT MARKET INC. is an employer, within the meaning contemplated, pursuant to New York Labor Law § 651(6) and the supporting New York State Department of Labor Regulations.

56.     Plaintiffs are employees, within the meaning contemplated, pursuant to New York Labor Law § 651(5) and the supporting New York State Department of Labor Regulations.

57.     Upon information and belief, Defendants violated New York Labor Law § 650 et seq. and 12 NYCRR § 137-1.2 by failing to pay Plaintiffs minimum wage for all hours worked in any given week.

58.     Upon information and belief, the failure of Defendants to pay Plaintiffs their rightfully-owed wages was willful.

59.     New York Labor Law § 663 provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorneys' fees."

60.     By the foregoing reasons, Defendants have violated New York Labor Law § 650 et seq. and 12 NYCRR § 137-1.2, and are liable to Plaintiffs in an amount to be determined at trial, plus damages, interest, attorneys' fees and costs.

**FOURTH CAUSE OF ACTION:**
**NEW YORK OVERTIME WAGE COMPENSATION**

61.     Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 60 hereof.

62.     Title 12 NYCRR §137-1.3 requires that "[a]n employer shall pay an employee for overtime at a wage rate of 11/2 times the employee's regular rate for hours worked in excess of 40 hours in one workweek."

63.     Upon information and belief, Plaintiffs regularly worked more than forty (40) hours a week while working for Defendants.

64.     Upon information and belief, Plaintiffs did not receive overtime compensation for all hours worked in excess of forty (40) hours in any given week.

65.     Consequently, by failing to pay to Plaintiffs overtime compensation, Defendants violated New York Labor Law § 663 and 12 NYCRR § 137-1.3.

66.     Upon information and belief, Defendants' failure to pay overtime compensation to Plaintiffs was willful.

67.     By the foregoing reasons, Defendants have violated New York Labor Law § 663 and 12 NYCRR § 137-1.3 and are liable to Plaintiffs in an amount to be determined at trial, plus interest, damages, attorneys' fees and costs.

**FIFTH CAUSE OF ACTION:**
**NEW YORK FAILURE TO PAY WAGES**

68.     Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 67 hereof.

69.     Pursuant to Article Six of the New York Labor Law, workers such as Plaintiffs are protected for wage underpayments and improper employment practices.

70.     Pursuant to New York Labor Law § 190, the term "employee" means "any person employed for hire by an employer in any employment."

71.     As persons employed for hire by Defendants, Plaintiffs are "employees," as understood in Labor Law § 190.

72.     Pursuant to New York Labor Law § 190, the term "employer" includes "any person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service."

73.     As an entity that hired the Plaintiffs and other members of the putative class, MANGO KING FARMERS MARKET CORP. is an "employer."

74.     As an entity that hired the Plaintiffs and other members of the putative class, CHO'S CHURCH AVENUE FRUIT MARKET INC. is an "employer."

75.     Pursuant to New York Labor Law § 190 and the cases interpreting same, CHEE HUN CHO is an "employer."

76.     The Plaintiffs agreed upon wage rate and/or overtime compensation rate was within the meaning of New York Labor Law §§ 190, 191.

77.     Pursuant to New York Labor Law § 191 and the cases interpreting the same, workers such as Plaintiffs are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

78.     In failing to pay the Plaintiffs proper wages and overtimes payments for time worked after forty (40) hours in one week, Defendants violated New York Labor Law § 191.

79.     Pursuant to New York Labor Law § 193, "No employer shall make any deduction from the wages of an employee," such as Plaintiffs, that is not otherwise authorized by law or by the employee.

80.     By withholding wages and overtime payments for time worked over forty (40) hours in any given week from Plaintiffs, pursuant to New York Labor Law § 193 and the cases interpreting the same, Defendants made unlawful deductions in wages owed to Plaintiffs.

81.     Upon information and belief, Defendants' failure to pay Plaintiffs wages and overtime payments for time worked in excess of forty (40) hours in any given week was willful.

82.     By the foregoing reasons, Defendants have violated New York Labor Law § 198 and are liable to Plaintiffs in an amount to be determined at trial, plus damages, interest, attorneys' fees and costs.

## SIXTH CAUSE OF ACTION:
## NEW YORK SPREAD OF HOURS

83.     Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 82 hereof.

84.     12 NYCRR § 137-1.7 requires that "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for

any day in which . . . the spread of hours exceeds 10 hours [in a day]." ("Spread of hours" compensation).

85.   Plaintiffs regularly worked more than ten (10) hours in a day.

86.   Defendants did not pay Plaintiffs an additional hour's pay when they worked more than ten (10) hours in a day.

87.   Consequently, by failing to pay to Plaintiffs an additional hour's pay when Plaintiffs worked more than ten (10) hours in a day, Defendants violated 12 NYCRR § 137-1.7.

88.   By the foregoing reasons, Defendants have violated 12 NYCRR § 137-1.7 and are liable to Plaintiffs in an amount to be determined at trial, plus damages, interest, attorneys' fees and costs.

**WHEREFORE**, Plaintiffs demand judgment:

(1)   on the first cause of action against Defendants, in an amount to be determined at trial plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(2)   on their second cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(3)   on their third cause of action against Defendants, in an amount to be determined at trial, plus damages, interest, attorneys' fees and costs, pursuant to the cited New York Labor Law provisions;

(4)   on their fourth cause of action against Defendants, in an amount to be determined at trial, plus damages, interest, attorneys' fees and costs, pursuant to the cited New York Labor Law provisions;

(5)   on their fifth cause of action against Defendants, in an amount to be determined at trial, plus damages, interest, attorneys' fees, and costs, pursuant to the cited New York Labor Law provisions; and

(6)   on their sixth cause of action against Defendants, in an amount to be determined at trial, plus damages, interest, attorneys' fees and costs; and

(7)   such other and further relief as this Court may deem just and proper.

Dated: New York, New York

11

May 28, 2014

VIRGINIA & AMBINDER, LLP

By:      <u>s/Lloyd Ambinder</u>
            Lloyd Ambinder
            LaDonna Lusher
            Leonor Coyle
            Virginia & Ambinder, LLP
            111 Broadway, Suite 1403
            New York, New York 10006
            llusher@vandallp.com
            Tel:    (212) 943-9080
            Fax:    (212) 943-9082

            *Attorneys for Plaintiffs*